**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 11 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD D. EATON,

      Petitioner-Appellant,

v.

RON WARD; ATTORNEY GENERAL
OF THE STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 96-6321
(D.C. No. # CIV-95-929-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant Richard D. Eaton, an Oklahoma state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Oklahoma.[1] In August 1996, the district court denied Mr. Eaton's petition for habeas relief. The court also denied Mr. Eaton a certificate of probable cause for appeal. Mr. Eaton now seeks to appeal the judgment and final order of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 1983, the State of Oklahoma charged Mr. Eaton as a juvenile on five separate counts in the juvenile division of Oklahoma District Court. On November 23, 1983, the juvenile court held a "Prosecutive Merit Hearing for Certification." At this hearing, Mr. Eaton alleges the government introduced evidence relevant to counts one and two of the juvenile petition.[2] Mr. Eaton also alleges he confessed to the crimes the state charged him with at the certification hearing.

---

[1] In June 1995, the United States District Court for the Eastern District of Oklahoma transferred this action to the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1406(a).

[2] Apparently, the government dismissed counts three, four, and five of the juvenile petition.

On December 16, 1983, the juvenile court conducted an "Amenability Hearing" to determine whether Mr. Eaton was amenable to treatment within the juvenile system. Based on the hearing, the juvenile court issued a written order transferring Mr. Eaton to the adult division of the district court and waiving juvenile jurisdiction over Mr. Eaton. In the order, the court noted it "ha[d] previously found prosecutive merit as to Counts one through three of the State's petition."

Following the Amenability Hearing, the state filed a felony information in Pottawatomie County District Court charging Mr. Eaton with unauthorized use of vehicle and second degree burglary.[3] On January 8, 1984, Mr. Eaton pled guilty to the charges in the felony information.

Thereafter, on November 14, 1986, Mr. Eaton pled guilty to a two-count information charging him with "uttering a forged instrument, after former conviction of two or more felonies." Mr. Eaton's 1984 convictions for unauthorized use of vehicle and second degree burglary were the "former" felony convictions supporting the charges in the 1986 information. The Oklahoma district court sentenced Mr. Eaton to twenty years imprisonment on each count in the 1986 indictment, each sentence to run concurrently with the other.

------------------------------------------------------------

[3] The charges in the felony information were essentially the same charges asserted against Mr. Eaton in counts one and two of the juvenile petition.

Following his 1986 convictions, Mr. Eaton filed a motion for post-conviction relief in state district court, alleging his convictions and sentences violated the Double Jeopardy Clause of the Fifth Amendment. The Oklahoma district court concluded there was no merit to Mr. Eaton's allegations and denied Mr. Eaton's motion. The Oklahoma Court of Appeals agreed and also determined Mr. Eaton's double jeopardy claim was barred on procedural grounds.

On May 24, 1995, Mr. Eaton filed a petition for a writ of habeas corpus in Oklahoma federal court. Once again, Mr. Eaton requested the court to set aside his convictions on the basis of double jeopardy. Similar to the Oklahoma Court of Appeals, the district court determined Mr. Eaton's double jeopardy claim lacked merit and was procedurally barred. Hence, the district court denied Mr. Eaton's petition for a writ of habeas corpus and denied Mr. Eaton a certificate of probable cause.

## II. CERTIFICATE OF APPEALABILITY

Mr. Eaton seeks to appeal the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(A) provides "an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless a circuit judge issues a certificate of appealability. "A certificate of

appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Thus, we must determine whether Mr. Eaton has made a substantial showing of the denial of a constitutional right.  If Mr. Eaton has failed to make such a showing, we must dismiss his appeal.

Mr. Eaton contends the government obtained his 1984 convictions for unauthorized use of vehicle and second degree burglary in violation of the Double Jeopardy Clause.  The unauthorized use of vehicle and second degree burglary charges were essentially the same offenses charged in counts one and two of the 1983 juvenile petition filed against Mr. Eaton.  Mr. Eaton argues that "jeopardy attached" with respect to these charges during the November 1983 prosecutive merit proceeding in juvenile court.  Thus, according to Mr. Eaton, the subsequent prosecution and conviction on these charges in adult court violated Mr. Eaton's rights under the Double Jeopardy Clause.

The unauthorized use of vehicle and second degree burglary convictions are the underlying "former" felony convictions supporting Mr. Eaton's 1986 convictions for "uttering a forged instrument, after former conviction of two or more felonies."  Mr. Eaton argues that because the state obtained the 1984 convictions in violation of the Double Jeopardy Clause, the state also obtained the 1986 convictions in violation of  his double jeopardy rights.

In support of his contention that the 1983 juvenile prosecutive merit proceeding subjected him to jeopardy under the Fifth Amendment, Mr. Eaton cites *Breed v. Jones*, 421 U.S. 519 (1975). In *Breed*, the State of California filed a petition in juvenile court alleging Mr. Breed had committed acts which, if committed by an adult, would constitute robbery. 421 U.S. at 521. The juvenile court then held an adjudicatory hearing at which the court determined Mr. Breed had committed the acts alleged in the juvenile petition. *Id.* at 521-22. Thereafter, the juvenile court found Mr. Breed "unfit for treatment as a juvenile," and transferred Mr. Breed to adult court for prosecution. *Id.* at 524. The Superior Court of Los Angeles County subsequently found Mr. Breed guilty of first degree robbery. *Id.* at 525.

Mr. Breed then filed a petition for a writ of habeas corpus alleging his transfer to adult court and prosecution therein subjected him to double jeopardy in violation of the Fifth Amendment. *Id.* at 525-26. The Supreme Court agreed with Mr. Breed, finding a juvenile is put in jeopardy "at a proceeding whose object is to determine whether he has committed acts that violate a criminal law and whose potential consequences include both the stigma inherent in such a determination and the deprivation of liberty for many years." *Id.* at 529. The Court determined jeopardy attaches at the point in a juvenile proceeding where a juvenile is "'put to trial before the trier of the facts.'" *Id.* at 531 (quoting *United States v. Jorn*, 400

-6-

U.S. 470, 479 (1971)).  The Court recognized its holding will require, in most cases, that a decision to transfer a juvenile be made prior to an adjudicatory hearing.  *Id.* at 535-36.  However, the Court specifically noted "nothing decided today forecloses States from requiring as a prerequisite to the transfer of a juvenile, substantial evidence that he committed the offense charged, so long as the showing required is not made in an adjudicatory proceeding."  *Id.* at 538 n.18.

In the present case, the juvenile court conducted a "Prosecutive Merit Hearing for Certification" in November 1983.  The record reveals the court merely determined at this hearing that there was "prosecutive merit" to counts one through three of the juvenile petition.  Unlike *Breed*, there was no determination that Mr. Eaton did or did not commit the offenses alleged in the juvenile petition.  Since the Prospective Merit Hearing was not an adjudicative hearing, Mr. Eaton was not put in jeopardy by this hearing.  *See Breed*, 421 U.S. at 529, 538 n.18.  Nor did the December 1983 Amenability Hearing put Mr. Eaton in jeopardy.  The juvenile court simply determined Mr. Eaton should be transferred to adult court at this hearing.  The record indicates that jeopardy did not attach against Mr. Eaton until after the juvenile court transferred his case to adult court.  Consequently, Mr. Eaton's double jeopardy claim is without merit.

## III. CONCLUSION

Having determined there is no merit to Mr. Eaton's double jeopardy argument, we hereby conclude a certificate of appealability should not issue.[4]

                              **Entered for the Court**


                              **WADE BRORBY**
                              United States Circuit Judge

---

[4] In Mr. Eaton's opening brief, he raises the issue of whether "the state district court [or] the Oklahoma Court of Criminal Appeals found [Mr. Eaton] procedurally barred from post-conviction review of his stated double jeopardy claim based upon prior juvenile proceedings." Because we have determined Mr. Eaton's double jeopardy claim is without merit and a certificate of appealability should not issue, we have no reason to resolve this issue.